SUNDIAL INTERNATIONAL FUND LIMITED, Jan Christian Sundt, Thominvest Oy, Mega Pacific International, Ltd., Zen Ltd., David J. Sharpe, Peter Anson, Crescent Holdings Ltd., John C. Dilworth, Clas Gotze, Guest Supplies Ltd.,

Guilden International Ltd., Helion Investments Ltd., Sentinel Investment Corp., Michael L. Smith, Gordon Tarapasky, Michael J.E. Thornhill and Wright Family Discretionary Trust, Plaintiffs,

v.

DELTA CONSULTANTS, INC. (a New Jersey corporation), Nopkine Co. Ltd. (a limited company of the British Virgin Islands), William C. Dunn, William D. Dunn, Paul F. Lengemann, Ivan Sands, Credit Lyonnais, Bank Julius Baer Ltd., Societe Generale, Chase Manhattan Bank, N.A., Various John Does, Jane Does and ABC Companies, Defendants.

MUSASHI LIMITED, Plaintiff,

v.

DELTA CONSULTANTS, INC. (a New Jersey corporation), Nopkine Co. Ltd. (a limited company of the British Virgin Islands), William C. Dunn, William D. Dunn, Paul F. Lengemann, Ivan Sands, Credit Lyonnais, Bank Julius Baer Ltd., Various John Does, Jane Does and ABC Companies, Defendants.

MABLYN INVESTMENTS LIMITED, Plaintiff,

v.

DELTA CONSULTANTS, INC. (a New Jersey corporation), Nopkine Co. Ltd. (a limited company of the British Virgin Islands), William C. Dunn, William D. Dunn, Paul F. Lengemann, Ivan Sands, Credit Lyonnais, Bank Julius Baer Ltd., Various John Does, Jane Does and ABC Companies, Defendants.

Nos. 94 Civ. 118 (TPG), 95 Civ. 3773 (TPG) and 95 Civ. 3774 (TPG).

United States District Court, S.D. New York.

April 22, 1996.

Bernard Persky, Goodkind Labaton Rudoff Sucharow LLP, New York City, for Plaintiff.

Danforth Newcomb, Shearman & Sterling, New York City, for Bank Julius Baer.

John M. Quitmeyer, Rogers & Wells, New York City, for Credit Lyonnais.

## OPINION

GRIESA, Chief Judge.

Plaintiffs in these three actions are nineteen individuals and investment funds that claim to have lost more than $40 million as a result of their investments with William Dunn, Sr. and various entities that Dunn controlled (the "Dunn defendants"). The allegations pertinent to the present motions are the same in all three actions. Plaintiffs allege that the Dunn defendants and several banks with which Dunn did business are liable for plaintiffs' investment losses pursuant to the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 2 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 *et seq.*, and

state common law. Plaintiffs also allege that the Dunn defendants violated federal securities laws. However, the defendants who have filed the motions to dismiss now pending before the Court are not named in those allegations.

Defendants Bank Julius Baer Ltd., Credit Lyonnais (the "bank defendants") and Ivan Sands, an employee of Credit Lyonnais, have moved to dismiss the actions pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and pursuant to Fed.R.Civ.P. 9(b) for failure to allege fraud with particularity.

Following the submission of voluminous briefs and the holding of oral argument, the bank defendants were invited to submit proposed findings of fact and conclusions of law representing their position on the motions to dismiss.

On April 11, 1996 the Court held a further hearing and placed its rulings on the record. The reason for this procedure was to permit the Court to have some additional discussion with counsel about the rather intricate problems involved in the allegations of fraud in connection with the claim under the CEA. As the Court stated at the hearing, the present allegations are too lengthy in presenting matters beyond what should be in the complaint, and are insufficient in respect to the claims of wrongdoing which should be in the complaint, if it is to stand. Plaintiffs' attorney stated that plaintiffs wish to amend these allegations. The Court will permit this to be done. If proper allegations of fraud are presented, the action will go forward under the CEA against the bank defendants. The Court rejects the argument of the bank defendants that plaintiffs have no standing to sue them under the CEA. However, the CEA claim is dismissed as to Sands because plaintiffs have no standing to sue *him* under that statute.

The Court also announced that it is dismissing the claims under RICO against the bank defendants and Sands.

Finally, the Court stated that it would not attempt to dispose of the common law claims at this time as to the bank defendants. Therefore, the motions of the bank defen-

dants to dismiss the common law claims are denied, without prejudice to renewal at a later time. With regard to Sands, since there are no federal claims against him left standing, the Court declines to keep the action open on the common law claims against him. Thus, the entire action is dismissed as to Sands.

## PLAINTIFFS' CURRENT ALLEGATIONS

Plaintiffs allege that investors in the United States and abroad placed well over $100 million with Dunn in order for him to conduct currency exchange trading. It is alleged that he created a currency exchange operation in conjunction with certain individuals, and that certain entities were formed as vehicles for this operation.

Plaintiffs allege that Dunn and his colleagues and entities defrauded the investors through false reports made at the time of their original investments and further false reports to induce the investors to reinvest their funds with him.

In order to carry out the trading, Dunn set up currency exchange accounts at various banks including Credit Lyonnais and Bank Julius Baer. At times Dunn would direct the investors to remit funds directly to the banks to be deposited in these accounts. However, the business of the banks was distinct from that being carried out by the Dunn group. Dunn was soliciting the investors and assembling the pool of funds from these investors to be used for the currency trading. The banks were doing traditional banking business, including the currency trading.

Nevertheless, it is alleged that the bank defendants aided and abetted the fraud of the Dunn defendants. Plaintiffs attempt to allege that the bank defendants knew of the fraud being committed by the Dunn defendants and carried on the trading with this knowledge, thus assisting in the fraud. In their current form, these allegations are insufficient. Whether this insufficiency will be remedied by the amendments remains to be seen.

However, for the purpose of dealing with the RICO claims, the essential fact is that,

even if the bank defendants aided and abetted Dunn's fraud in the manner claimed, the bank defendants were not part of the Dunn operation, and did not participate with him in soliciting the investments to form a pool of funds for currency trading.

The same is true for Sands. He was never part of the Dunn operation. His connection was solely with Credit Lyonnais, where he was head of the foreign exchange desk.

In connection with the CEA claim against Sands, the relevant factual point which must be made (the relevance of which will be shown shortly) is that no deposit of money was made with Sands, but only with his bank, Credit Lyonnais.

## DISCUSSION

*RICO*

In order to prevail against a defendant in a civil RICO action, there must be a showing of an "enterprise." A person who is inside the enterprise may be liable whether that person played a leadership role or a menial role. A different problem arises where a defendant is not inside the enterprise—such as an outside lawyer, accountant, etc. The cases hold that such a person may be liable under RICO only where the person plays some part in directing the enterprise's affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S.Ct. 1163, 1170, 122 L.Ed.2d 525 (1993); *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521–22 (2d Cir.1994); *Department of Economic Development v. Arthur Andersen & Co.*, 924 F.Supp. 449, 464–78 (S.D.N.Y. 1996).

The Court concludes that under no possible set of allegations could it be found that the bank defendants or Sands played any role in directing the affairs of the Dunn operation. Therefore, they cannot be liable under RICO, and the RICO claims against them are dismissed.

*Standing Under the CEA*

There are two questions about standing under the CEA. The first is whether plaintiffs have standing to sue the bank defen-dants. The second is whether plaintiffs have standing to sue Sands.

Section 22(a)(1)(B) of the CEA provides that a party who aids and abets another in violating the statute shall be liable to "any other person"

> (B) who made through such person any contract of sale of any commodity for future delivery (or option on such contract or any commodity); or who deposited with or paid to such person money, securities, or property (or incurred debt in lieu thereof) in connection with any order to make such contract; . . .

7 U.S.C. § 25(a)(1)(B).

With regard to the banks, the Court rules that plaintiffs do not have standing to sue the bank defendants under the first clause of subsection (B). The phrase "such person" would refer to the bank. The question under the first clause is whether plaintiffs are persons "who made through [the bank] any contract of sale," etc. It would appear clear that it was Dunn and his entities who made the contracts of currency exchange trading "through" the banks. Plaintiffs did not do so.

A different conclusion must be reached as to the second clause. The claim is that plaintiffs deposited money with the banks or paid money to the banks within the meaning of the statute. The Court rules that they did so even though they did not have accounts of their own. The Court concludes that such deposits or payments were "in connection with" orders by Dunn and his entities to make the foreign exchange contracts, thus giving plaintiffs standing to sue the bank defendants under subsection (B).

As to Sands, there is clearly no standing to sue under the first clause. Moreover, during the court session of April 11 it was conceded by plaintiffs' counsel that money was not deposited with Sands or paid to Sands, within the meaning of the second clause. Therefore there is no standing to sue Sands under subsection (B). The Court also rules that there is no standing to sue Sands under any other provision of the CEA.

**42**

*Common Law Claims*

As to the bank defendants, the Court will not attempt to analyze the common law claims at this time. The motions of the bank defendants to dismiss the common law claims are denied without prejudice to renewal at a later time.

As to Sands, with the federal claims against him dismissed, the Court believes that there is no justification in having a federal court action continue against him for the sole purpose of litigating common law claims. Thus, the entire action is dismissed as to Sands.

CONCLUSION

As to the bank defendants, the fraud allegations forming the basis of the CEA claim are insufficient in their present form. However, plaintiffs are given leave to replead. Plaintiffs have standing to sue the bank defendants under the CEA provided that sufficient fraud allegations are presented. The RICO claims against the bank defendants are dismissed. The motions of the bank defendants are denied as to the common law claims, with leave to renew at a later time.

The entire action is dismissed as to Sands.

SO ORDERED.